UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Case No.:    3:07-cr-132-J-34MCR

SAMMIE LEE WILSON, III,

    Defendant.
_____/

## ORDER

This case is before the Court on Defendant Sammie Lee Wilson, III's "Petition for Sentence Reduction Under the Holloway Doctrine" (Doc. 206, Petition) and the United States' response (Doc. 212, Response). The Petition is due to be denied for the reasons set forth below.

On June 23, 2009, the Court sentenced Wilson to a term of 210 months' imprisonment following his conviction for conspiracy to distribute 500 grams or more of cocaine. The Court classified Wilson as a career offender under U.S.S.G. § 4B1.1 because he had prior convictions for possession of cocaine and attempted manslaughter, though he also received a three-offense-level reduction for acceptance of responsibility and a two-offense-level reduction for assisting law enforcement while in custody. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. United States v. Wilson, 376 F. App'x 972 (11th Cir. 2010). Thereafter, this Court denied Wilson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. (Case No. 3:12-cv-51-J-34MCR, Doc. 12). The Eleventh Circuit Court of Appeals denied

a certificate of appealability (id. at Doc. 16), and this Court denied Wilson's motion for reconsideration under Rule 60(b)(3), Federal Rules of Civil Procedure (id. at Doc. 28).

Wilson now asks the Court to reduce his sentence of imprisonment "in the interest of fairness" pursuant to the "Holloway Doctrine." Petition at 1. The "Holloway Doctrine" derives its name from the case of United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). There, a district judge encouraged the United States Attorney's Office to agree to vacate two or more of a defendant's lawfully-obtained convictions, even though "all appeals and collateral attacks ha[d] been exhausted and there [was] neither a claim of innocence nor any defect in the conviction or sentence," id. at 311, because the judge believed that the defendant's sentence of nearly 58 years was excessive, id. at 314.[1] Importantly, the United States agreed to vacatur of two of his convictions, and only then did the court reduce the defendant's sentence. The Holloway court did not purport to have any broad inherent or residual power to reduce sentences.[2] To the contrary, the

---

[1] The defendant in Holloway stole three cars at gunpoint over the course of two days in October 1994. He went to trial and was convicted of three counts of carjacking and three counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). By operation of § 924(c)'s consecutive mandatory minimum provisions, the defendant's sentence totaled 57 years and seven months. The sentences and convictions were affirmed by the Second Circuit Court of Appeals and the Supreme Court. They also survived a collateral attack under 28 U.S.C. § 2255. Holloway, 68 F. Supp. 3d at 313-14. Thus, there was no dispute that the defendant's convictions and sentence were lawful.

[2] In terms of procedural mechanics, the United States in Holloway agreed to withdraw its opposition to the defendant's motion for reconsideration under Fed. R. Civ. P. 60(b), which allowed the court to revisit the defendant's original § 2255 motion. Once the court revisited the § 2255 motion, the United States did not oppose the defendant's argument that the court should vacate two of his three § 924(c) convictions. Holloway, 68 F. Supp. 3d at 315. Thus, technically speaking, the Holloway court did not invent any new procedural vehicles for reviewing a sentence, but operated within the parameters of Rule 60(b) and 28 U.S.C. § 2255 (although that is questionable in light of district court's acknowledgement that the defendant's convictions and sentence were lawful).

court "recogniz[ed] that there were … no legal avenues or bases for vacating" the defendant's judgment. Id. at 314. The sentence reduction in Holloway depended entirely on the United States' acquiescence. As the court observed, the use of the government's "power to walk into courtrooms and ask judges to remedy injustices" "poses no threat to the rule of finality" because "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly. Id. at 316. The "Holloway Doctrine" described above has no application to Wilson's case because the United States opposes any reduction of Wilson's term of imprisonment. See Response.

To the extent Wilson suggests that the "Holloway Doctrine" means courts have some broad residual power to reduce sentences, the Eleventh Circuit has never adopted such a theory. A district court has no "inherent power" to go outside the strictures of the federal sentencing statutes or the Federal Rules of Criminal Procedure to correct a sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases). "Outside of Rule 35(c)[3] there exists no 'inherent authority' for a district court to modify a sentence." Id. at 1319. Rather, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

> Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35

---

[3] "Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note (2002).

3

    expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

Phillips, 597 F.3d at 1195 (footnote omitted).[4]

    Wilson has not identified any authority that enables the Court to reduce his sentence. The Bureau of Prisons has not moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Wilson has not pointed to any retroactive amendments to the Sentencing Guidelines that would lower his Guidelines range under § 3582(c)(2). The Court has no power to change Wilson's sentence under Rule 35(a), Federal Rules of Criminal Procedure, because there was no "arithmetical, technical, or other clear error" in Wilson's sentence and, in any event, the 14-day time period for the Court to make such a modification has long passed. The Court cannot reduce Wilson's sentence under Rule 35(b) because the United States has not moved for a substantial assistance reduction. Finally, the Court would lack jurisdiction to entertain a second motion pursuant to 28 U.S.C. § 2255, because Wilson has not received permission from the Eleventh Circuit Court of Appeals to file a second or successive motion to vacate. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel

---

[4] In light of this law, it would be inappropriate for a court to invent some residual power to reduce a defendant's sentence, no matter how sympathetic a defendant might be.

    Often enough the law can be 'a ass – a idiot,' and there is little we judges can do about it, for it is (or should be) emphatically our job to apply, not rewrite, the law enacted by the people's representatives. Indeed, a judge who likes every result he reaches is very likely a bad judge, reaching for results he prefers rather than those the law compels.

A.M. v. Holmes, 830 F.3d 1123, 1170 (10th Cir. 2016) (Gorsuch, J., dissenting) (internal citation omitted).

of the appropriate court of appeals…."); <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The Court commends Wilson for trying to better himself while in custody. However, Wilson's 210-month term of imprisonment is not unfair in light of the underlying offense and his serious criminal history. Moreover, 18 U.S.C. § 3582(c) forbids the Court from modifying a sentence except as authorized by statute or the Federal Rules of Criminal Procedure. Because the Court has no statutory or rule-based authority for reducing Wilson's sentence, his "Petition for Sentence Reduction Under the Holloway Doctrine" (Doc. 206) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record
Defendant Sammie Lee Wilson, III