**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No.:     3:07-cr-132-J-34MCR

SAMMIE LEE WILSON, III

_____/

**ORDER**

This case is before the Court on Defendant Sammie Lee Wilson, III's pro se Motion for Compassionate Release or Home Confinement (Doc. 222, Motion) and counseled Supplemental Motion for Compassionate Release (Doc. 233, Supplemental Motion). Wilson is a 43-year-old inmate incarcerated at Yazoo City Low FCI, serving a 210-month term of imprisonment for conspiracy to distribute 500 grams or more of cocaine. (Doc. 161, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 6, 2022. Wilson seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he has asthma and high blood pressure.[1]

The United States opposes the motion because Wilson has not demonstrated extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, because Wilson is a danger to the community, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 223,

---

[1] Wilson also notes that he takes prostate medication and that he recovered from sinus surgery in February 2020. Supplemental Motion at 1. However, Wilson primarily relies on the conditions of asthma and hypertension as the extraordinary and compelling reasons that support compassionate release. Id. at 17-20.

1

Response; Doc. 235, Supplemental Response). Wilson filed a reply to the government's initial response. (Doc. 230, Reply; Doc. 230-1, Exhibits).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[2] A movant for compassionate

---

[2] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**     **(A)** Extraordinary and compelling reasons warrant the reduction; or
>        **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

2

release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

Wilson has not established "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Wilson states that he suffers from asthma and hypertension, which he argues qualify as extraordinary and compelling circumstances in light of Covid-19.[3] According to the Centers for Disease Control (CDC), those who have high blood pressure or moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[4] Wilson neither alleges nor provides any evidence that his asthma falls into the moderate-to-severe category. Additionally, neither asthma nor high blood pressure is an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population)

---

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

[3] Wilson has not submitted medical records to support his claim that he suffers from asthma and hypertension. However, Wilson states that he has had difficulty obtaining his medical records. Reply at 2. The Court assumes as true that Wilson has high blood pressure and some level of asthma.

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

3

have high blood pressure or take medication for the condition.[5] Asthma is less common but still widely reported: 19.2 million adults (7.7% of the adult population, or one in 13 adults) has some form of asthma.[6]

That Wilson has high blood pressure and asthma is offset by several factors: (1) Wilson is 43 years old; (2) according to the BOP's latest data, no inmates are currently positive for Covid-19 at FCI Yazoo City Low[7]; and (3) the BOP has undertaken extensive efforts to control the spread of the virus within its facilities. In addition, Wilson is designated as a "Care Level 2 inmate, which means he is a stable outpatient whose conditions are treated via medication and regularly monitored by a physician." Supplemental Response at 2. As the government notes, "if the Care Level 2 designation alone merited release, all Care Level 2 inmates would qualify for compassionate release. This is not how the law has developed under the First Step Act." Id. at 3. Taken together, the record does not show that Wilson suffers from a serious medical or physical condition "that substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he… is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, even if Wilson demonstrated the existence of extraordinary and compelling circumstances, he is not eligible for compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. As the Court explained at sentencing, the

---

[5] https://www.cdc.gov/bloodpressure/facts.htm.
[6] https://www.cdc.gov/nchs/fastats/asthma.htm
[7] https://www.bop.gov/coronavirus/. These numbers are updated daily. According to the same data, one staff member is currently positive for Covid-19 at Yazoo City Low, two inmates reportedly died, 96 inmates have recovered, and eight staff members have recovered as well. The death of any inmate is a terrible tragedy, but the record does not indicate that Wilson is among those most vulnerable to succumbing to coronavirus.

4

offense of conviction was "in and of itself a very serious drug offense, which alone call[ed] for a substantial sentence." (Doc. 180, Sentencing Transcript at 56). But Wilson was also a repeat offender, such that he earned the career offender enhancement under U.S.S.G. § 4B1.1. Presentence Investigation Report (PSR) at ¶ 24. The career offender enhancement was based on a 1995 conviction for attempted manslaughter and a 2002 federal conviction for possession with intent to distribute more than 500 grams of cocaine. Id. at ¶¶ 24, 38, 40. Indeed, Wilson committed the instant offense despite being on supervised release for the 2002 federal drug conviction. See id. at ¶ 42. As a result, the Court determined that a lesser sentence than 210 months in prison would not be sufficient to promote respect for the law, provide just punishment, and encourage deterrence. See Sentencing Tr. at 54-56. Although the Court commends Wilson for his efforts at self-improvement while in prison (see Doc. 230-1 at 3-10), the record does not warrant release at this time.

Accordingly, Wilson's Motion for Compassionate Release (Doc. 222) and Supplemental Motion for Compassionate Release (Doc. 233) are **DENIED**.[8]

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

---

[8] To the extent Wilson requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

Lc 19

Copies:
Counsel of record
Defendant